UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| G&P RENTALS AND YONGE RENTALS, | § § § § § | |
| Plaintiffs, | | |
| v. | § § § | CIVIL ACTION NO. 1:16-cv-221 |
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL OF ACTION

TO THE HONORABLE DISTRICT COURT JUDGE:

Pursuant to 28 U.S.C. § 1446(a), Atlantic Casualty Insurance Company (Atlantic Casualty), Defendant in the above-captioned matter, hereby files this Notice of Removal to the United States District Court for the Northern District of Texas, Abilene Division, and would respectfully show the Court as follows:

## I.
## STATE COURT PROCEEDING

Atlantic Casualty is a defendant named in a civil action filed on November 11, 2016 in the 104th Judicial District Court of Taylor County, Texas, styled *G&P Rentals and Yonge Rentals v. Atlantic Casualty Insurance Company*, No. 26876-B. By filing its Notice of Removal with the District Clerk on December 27, 2016, Atlantic Casualty made its appearance and waived service of process.

Plaintiffs' lawsuit involves allegations of breach of contract and breach of good faith and fair dealing arising out of hail damage under a commercial property policy issued to Yonge Rentals & G&P Rentals by Atlantic Casualty. Plaintiffs allege actual damages plus attorneys'

fees, court costs, pre- and post-judgment interest and exemplary damages, which it seeks against Atlantic Casualty.

## II.
## PROCEDURAL HISTORY

By filing its Notice of Removal in the 104th Judicial District Court of Taylor County, Texas on December 27, 2016, where this lawsuit was originally filed, Atlantic Casualty made its appearance and waived service of process. Atlantic Casualty had not been served with process prior to filing its Notice of Removal. The lawsuit is removable on the basis of diversity of citizenship, with the amount in controversy exceeding $75,000.00 exclusive of interest and costs and without any local defendant. This notice of removal is timely filed under 28 U.S.C. § 1446(b). This removal is effectuated less than a year from Plaintiffs filing their lawsuit.

Pursuant to 28 USC § 1447(b), attached to this notice of removal is an appendix containing all of the required documents and information necessary to effectuate this removal.

Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

Atlantic Casualty consents to removal of this case to federal court under 28 U.S.C. § 1446(b).

Atlantic Casualty will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## III.
## DIVERSITY OF CITIZENSHIP

Removal is proper because there is complete diversity of citizenship among the parties, as Atlantic Casualty is now at the time of removal and was at the time the action was commenced diverse in citizenship from Plaintiffs. Atlantic Casualty is not now at the time of removal and

was not at the time the suit was commenced a citizen of Texas, and is not now at the time of removal and was not at the time the suit was commenced incorporated under the laws of the State of Texas nor does it or did it have its principal place of business in Texas.

A.   <u>Defendant</u>

Defendant Atlantic Casualty Insurance Company is a foreign corporation incorporated under the laws of the State of North Carolina, and has its principal place of business now at the time of removal and at the time this action was commenced at 400 Commerce Court, Goldsboro, North Carolina 27534.  Defendant Atlantic Casualty is a citizen of North Carolina.

B.   <u>Plaintiffs</u>

Plaintiffs G&P Rentals and Yonge Rentals, according to the allegations in the Original Petition, and on information and belief, are Texas partnerships doing business in Texas with their principal place of business in Taylor County, Texas.  Neither Plaintiff is a citizen of North Carolina.

Thus, there is complete diversity of citizenship between Plaintiffs and Defendant.

## IV.
## <u>AMOUNT IN CONTROVERSY EXCEEDS $75,000.00,</u>
## <u>EXCLUSIVE OF INTEREST AND COSTS</u>

Plaintiffs seek damages in excess of $75,000.00 and, should Plaintiffs prevail on the claims against Atlantic Casualty stated in the Original Petition, Plaintiffs may be entitled to damages in excess of $75,000.00.  Specifically, in Plaintiff's [sic] Original Petition, attached to the Appendix as Exhibit 5A, Plaintiffs specifically state "Plaintiff [sic] seeks monetary relief over $200,000 but no more than $1,000,000."

## V.
## REMOVAL IS PROPER

Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiffs and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VI.
## JURY DEMAND

No jury demand has been made in the state court action as of the date of the filing of this notice of removal of action.

## VII.
## CONCLUSION

For the reasons stated herein, Atlantic Casualty Insurance Company has satisfied all procedural and statutory requirements to remove the lawsuit to this federal court.

For these reasons, Atlantic Casualty Insurance Company, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 104th Judicial District Court of Taylor County, Texas, to this Court, the United States District Court for the Northern District of Texas, Abilene Division.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: /s/ Camille Johnson
Camille Johnson, Attorney-in-charge
State Bar No. 10686600
Jessica Marcoux Hall
State Bar No. 24046348
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206

Phone: (214) 368-1515  
Fax: (214) 292-9647  
Email: camille@ssjmlaw.com  
Email: jessica@ssjmlaw.com

**ATTORNEYS FOR DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing has been served upon all counsel of record via certified mail, return receipt requested, on the 28th day of December, 2016:

Jeffrey L. Allen  
WETSEL, CARMICHAEL & ALLEN, LLP  
P.O. Box 78  
Sweetwater, Texas 79556

*Camille Johnson*  
Camille Johnson